BILAL A. ESSAYLI (Sate Bar No. 273441)
D. ANDREW BROWN (State Bar No. 273430)
ESSAYLI & BROWN LLP
100 Bayview Circle, Suite 100
Newport Beach, California 92660
Telephone: 949.508.2980
Facsimile: 949.508.2981

Attorneys for Defendant
ABDALLAH OSSEILY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>VS.<br><br>ABDALLAH OSSEILY,<br><br>Defendant. | Case No. 19-CR-00117-JAK<br><br>**RESPONSE IN OPPOSITION TO GOVERNMENT'S MOTION TO CONTINUE TRIAL**<br><br>Trial Date:  December 17, 2019<br>Trial Time:  9:00 a.m.<br>Location:    Courtroom of the<br>               Hon. John A. Kronstadt |

## I. INTRODUCTION

Three weeks before trial, the government seeks a 90-day continuance so that it can have additional time to file its motion under the Classified Information Procedures Act (CIPA). The government provides no justification for why it waited until November (five months after indictment) to begin preparing its CIPA filing. The government was aware of its discovery obligations when it filed the present charges, but sat on exculpatory and discoverable classified information for months. Now the government expects the Court to accommodate the bureaucratic constraints of the Department of Justice by extending it carte blanche.

Defendant Abdallah Osseily has maintained his innocence throughout these proceedings and has asserted his right to a speedy trial. Mr. Osseily and his counsel have been diligently preparing for trial and are prepared to proceed on the currently scheduled trial date. In contrast, the government has failed to exercise the requisite due diligence set by Congress under the Speedy Trail Act. This Court should not reward the government's conduct under these circumstances and should deny the government's request for a continuance.

## II. STATEMENT OF FACTS

The government has been surveilling and investigating defendant for several years. It presented this case to the grand jury on June 28, 2019. (CR 1). The government knew then, or should have known, that it possessed classified discoverable information that was exculpatory. This Court ordered the government through its Initial Standing Order For Criminal Cases to produce all discovery in its possession within seven days of the Post Indictment Arraignment. The government should have filed its motion under CIPA then.

Additionally, trial has already been continued in this matter from September 17, 2019 to December 17, 2019 to allow the government additional time to prepare and produce discovery. (CR 21). In October of 2019, undersigned counsel substituted in as counsel of record for this case. At that time counsel sent the government a formal discovery request seeking several categories of records, including all *Brady* materials. The discovery request specifically covered both classified and unclassified materials. A copy of defendant's discovery request is attached hereto as

Exhibit A.[1]

But the government did not *start* the process of gathering the potential *Brady* and *Giglio* classified materials until November 2019. Through its motion to continue, the government is acknowledging that it possesses potentially discoverable information that it intends to submit to the Court under CIPA.

Still, more than five months post-indictment and less than fifteen days before trial, the government has not filed its CIPA motion and has only filed a boilerplate pleading indicating an "intent" to invoke CIPA. (CR 32). The government attempts to shift justification for the trial continuance to the Court by explaining that the "Court needs time to examine the record and decide whether the government has appropriately invoked a classified information privilege over the relevant materials and to ensure that any information that is 'relevant and helpful to the defense of an accused' is disclosed to defendant." (Govt's Mot. at 6). The government says nothing about why it failed to file its CIPA motion within the proceeding five months.

Now the government seeks a 90-day continuance for trial, further delaying Mr. Osseily's constitutional and statutory rights to a speedy trial, further delaying his civil case seeking a determination on his naturalization application (which appears the be the government's primary motive for bringing this criminal case), further subjecting him to bad faith tactics by the government to create additional criminal charges, and further encumbering his brother's property with a $300,000 bond.[2] Mr. Osseily has asserted his right to a speedy trial and desires to proceed on the currently scheduled trial date.

Notably, the government's motion is unaccompanied by a declaration or other testimony concerning why the government needs an *additional* 90 days to comply with its discovery obligations and prepare for trial. The government has simply provided artificial time estimates it

---

[1] Defendant's prior counsel sent a similar discovery request at the initiation of these proceedings.

[2] While the government claims it has "repeatedly" offered to reexamine defendant's bond (Gov't Mot. at 9), to date the government has only indicated a willingness to allow a substitution of another property. It has not indicated a willingness to reconsider the amount or nature of the bond.

claims are needed to respond to defense motions and to prepare its CIPA filing. There is no indication as to why the government needs weeks, not days, for these filings. There is also no indication or representation as to the quantity of materials it is currently evaluating for its CIPA filings.

The law cannot, and does not, support the government's position here. In fact, because the government has effectively conceded that it has not complied with its discovery obligations at this late date, Mr. Osseily is forced to evaluate whether to move to dismiss his case for violation of his rights under *Brady*, *Giglio*, and Rule 16(a)(1)(E).

### III. THE GOVERNMENT HAS NOT DEMONSTRATED DUE DILIGENCE IN ITS HANDLING OF DISCOVERY, THUS A CONTINUANCE IS IMPROPER

The government requests this trial continuance "in the interests of justice" pursuant to 18 U.S.C. § 3161(h)(7)(A), and seeks to exclude time under §§ 3161(h)(7)(B)(i), (B)(ii), and (B)(iv). (Gov't Mot. at 1). But 18 U.S.C. § 3161(h)(7)(C) provides that "No continuance under subparagraph (A) of this paragraph shall be granted because of general congestion of the court's calendar, *or lack of diligent preparation* or failure to obtain available witnesses *on the part of the attorney for the Government*." (emphasis added).[3]

The government has not demonstrated due diligence. Instead, it admits that it did not even begin assembling materials for its CIPA filing until recently and requests several more weeks to complete the process. The government indicted this case in June. It knew its discovery obligations at that time, and it took no steps to comply until November. Present defense counsel has been requesting this information since October, and prior counsel made similar discovery requests. It is inappropriate for the government to fail to prepare *Brady* material and then simply ask the Court for additional time when a defendant asserts his right to a speedy trial. The government has not

---

[3] *See e.g. United States v. Dog Taking Gun*, 7 F. Supp. 2d 1118, 1121-22 (D. Mont. 1998) ("Here the FBI, acting on behalf of the United States, had all the pertinent evidence in its possession, custody and control for over a year. . . .The lack of diligence by the FBI in processing evidence, and the congested workload of the FBI lab do not constitute a factual basis to exclude time from the Speedy Trial computation 'in the interests of justice.'").

cited any cases standing for the proposition that a continuance is proper when the government has not yet turned over *Brady* material that is and has been in the DOJ's actual possession for months or years—which is the case here.[4]

The fact that it will take the government weeks to assemble a motion and/or respond to defendant's motion, is not a relevant factor for the Court. As the court correctly noted in *United States v. Dog Taking Gun*:

> [W]hen balancing the demand of Congress that the Public and the Defendant have a statutory right to a speedy public trial, the rights of the defendant cannot be compromised by the [FBI]'s administrative processing of evidence. Thus, the Government either complies with the Rules of Criminal Procedure, or as here, when it fails to do so, *the defendant cannot be charged with the problems of bureaucracy*. The lack of diligence by the FBI in processing evidence, and the congested workload of the FBI lab do not constitute a factual basis to exclude time from the Speedy Trial computation "in the interests of justice."

7 F. Supp. 2d 1118, 1122 (D. Mont. 1998). Likewise, Mr. Osseily cannot be charged with the problems of the Department of Justice's bureaucracy in timely submitting its motions. For this reason alone, the motion to continue should be denied.

**IV.   THE GOVERNMENT'S REQUEST TO DESIGNATE THIS CASE AS "COMPLEX" IS DISINGENUOUS**

The primary basis for the government's request to continue is that this case warrants a complex case designation. (Gov't Mot. at 6). In support of its position, the government cites an Eastern District of Virginia district court case granting the government's motion to continue. In *United States v. Salad*, the government charged fourteen defendants with hijacking an American yacht, holding U.S. citizens hostage, and ultimately killing the hostages. 779 F. Supp. 2d 509 (E.D. Va. 2011). The court cited several factors in its decision to designate the case as complex

---

[4] Defendant recently filed a motion to compel seeking unclassified *Brady* materials in the government's possession that have not been disclosed. (CR 38).

and continue the trial, which included logistical considerations with obtaining evidence and information outside the country, the need for Somali interpreters, the number of defendants, the alleged offense, and the fact that only two of the fourteen defendants opposed the government's motion. *Id.*

With regard to the government's representation to invoke CIPA, the court stated, "Although the mere possibility of the involvement of classified information in a case might not suffice, by itself, to justify a continuance beyond the Act's time period, it certainly remains a relevant factor in this matter in light of the other circumstances discussed herein." *Id*. at 514. The court made clear that the government's intent to invoke CIPA was probably insufficient by itself to warrant a continuance under the Speedy Trial Act. The "other circumstances" discussed by the court were the primary factors that persuaded the court to grant the continuance.

The present case shares none of the other factors discussed in *Salad*. There are no co-defendants, no need for an interpreter, no issues with out-of-country evidence, and the charged conduct is common bank fraud and providing a false statement. Simply put, this case is not complex.

Defendant's position is supported by relevant Ninth Circuit authority. In *United States v. Perez-Reveles*, the appellate court reversed the lower court's order excluding time under the Speedy Trial Act on the purported basis that the case was complex. 715 F.2d 1348 (9th Cir. 1983). Specifically, the court held that:

> Although the complexity of the case is a permissible factor under [the Speedy Trial Act], the mere conclusion that the case is complex is insufficient. The statement gives no indication why the court considered the case complex, and the record suggests that findings could not have been made to support the conclusion. There was a single defendant, charged with a common violation of the narcotics laws, and the case took only two days to try.

*Id*. at 1352-53. As a result, the court reversed defendant's convictions and remanded the case for dismissal of the indictment on the basis that defendant's trial did not commence within the 70-day period required by the Speedy Trial Act. Similarly, this case involves a single defendant,

6

charged with common bank fraud and false statement counts, and the trial will likely take no more than three days. The government's intent to invoke CIPA, alone, is simply insufficient to constitute a complex designation.

Additionally, and most tellingly, the government had a prior opportunity to designate this matter as "complex" at the initiation of this case. In the Case Summary form completed by the government on June 26, 2019, the government represented that this case was *not* complex when answering the Court's questions on the form. (CR 5). Now, on the eve of trial, the government has reversed its position and deems this case complex. The government cites no facts to warrant the reversal of its position between the time this case was filed and today. The request to designate this case as complex is nothing but a veiled attempt to buy the government more time.

## V.     THE GOVERNMENT'S REQUEST TO CONTINUE TRIAL FOR 90 DAYS IS UNREASONABLE

The government has failed to provide sufficient good cause for its 90-day continuance request, and for the reasons discussed above, failed to demonstrate the requisite due diligence. As a general matter, "It is well established that the granting or denying of continuances lies with the sound discretion of the trial judge." *United States v. Veatch*, 674 F.2d 1217, 1226 (9th Cir. 1981); *see also Morris v. Slappy*, 461 U.S. 1, 11 (1983) ("Trial judges necessarily require a great deal of latitude in scheduling trials. . . . Consequently, broad discretion must be granted trial courts on matters of continuances.").

The purpose of the Speedy Trial Act militates against all but the most necessary delays. "The Act prohibits excluding from time computations under the law, the delay caused by a continuance in two specific situations: (1) when it is sought because of general congestion of the trial court's calendar or (2) when it is sought by the government because of its lack of diligent preparation or its failure to obtain available witnesses." *United States v. Aviles*, 623 F.2d 1192, 1195 (7th Cir. 1980).

The government's request to continue the trial for 90 days is premised primarily on its need to prepare its CIPA filing. It provides an additional caveat that the "present 90-day continuance request only accounts for the anticipated CIPA practice; additional FISA litigation

may delay the proceedings further." (Gov't Mot. at 3). The government provides no justification for the extreme length of time it requires to prepare such motions. There is no information concerning the volume of documents at issue, the length of its proposed filing, or other factors that would justify the length of the requested continuance. Under the government's arguments, the government would have the unilateral authority to continue trial indefinitely by slow-walking the filing of motions. Such an outcome is unjust and works against the intention of Congress in enacting the Speedy trial Act.

## VI.  CONCLUSION

Mr. Osseily respectfully requests that the motion to continue be denied. In the alternative, should the Court determine that a short continuance is necessary over defendant's objections, any continuance should be a matter of weeks, not months as requested by the government.

DATED: December 2, 2019              ESSAYLI & BROWN LLP

                                     By:   /s/ *Bilal A. Essayli*
                                           BILAL A. ESSAYLI
                                           D. ANDREW BROWN

                                           Attorneys for Defendant
                                           ABDALLAH OSSEILY

Exhibit "A"



(949) 508-2982
bessayli@essaylibrown.com

October 16, 2019

**[VIA E-MAIL]**

Annamartine Salick
Assistant United States Attorney
312 N. Spring St.
Los Angeles, California 90012

  Re: <u>United States v. Abdallah Osseily (19-CR-00117-JAK)</u>

Dear Ms. Salick:

  Please allow this letter to serve as our official request for discovery in the above referenced case.  Defendant Abdallah Osseily hereby requests the Government[1] to produce the following items (whether they are classified or unclassified), to the extent they may exist, for his inspection and use in connection with the preparation, and/or trial, and/or sentencing in the above—referenced case:

  A. Any relevant written or recorded[2] statements[3] made or adopted by the Defendant, or copies thereof, within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the Government; that portion of any written record containing the substance of any relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person then known to the Defendant

---

  [1] The term "Government" as used throughout this Request includes all branches of the Government, all levels of the Government and all agencies within each branch and level of Government.

  [2] The term "recorded" as used throughout this Request includes both audio and visual recordings.

  [3] The term "statements" as used throughout this Request includes any form of assertive conduct and is, therefore, not limited to verbal statements.

(footnote continued)

October 25, 2019
**Page 2**

to be a Government agent; and recorded testimony of the Defendant before a grand jury which relates to the offense charged.  Please also disclose the substance of any other relevant oral statement made by the Defendant whether before or after arrest in response to interrogation by any person then known by the Defendant to be a Government agent if the Government intends to use the statement at trial.  *See* Fed. R. Crim. Proc. 16(a)(1)(A).[4]

      B.    A copy of the Defendant's prior criminal record, if any, as is within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government.  *See* Fed. R. Crim. Proc. 16(a)(1)(B).

      C.    Books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are within the possession, custody or control of the Government, and which are related to the above referenced case, or are intended for use by the Government as evidence at trial, or were obtained from or belong to the Defendant.  *See* Fed. R. Crim. Proc. 16(a)(1)(C).

      D.    Any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the Government, and which are related to the above referenced case or are intended for use by the Government as evidence at trial.  *See* Fed. R. Crim. Proc. 16(a)(1)(D).  We also specifically request you to preserve for testing by the Defendant any and all substances capable of being tested by scientific means whether or not such substances were tested by the Government.

      E.    A complete written summary of testimony to be presented by any Government witness called as an expert witness including the witness' opinions, the basis and the reasons therefore, and his/her qualifications.  *See* Fed. R. Crim. P. 16(a)(1)(E).

      F.    All evidence favorable to the Defendant which is material either to the issue of guilt or punishment in the above referenced case or which serves to impeach a Government witness who will testify at trial.  *See generally Brady v. Maryland*, 373 U.S. 83 (1963); *Giglio v. United States*, 405 U.S. 150 (1972).  This request includes, but is by no means limited to:

---

[4] This Request is also intended to cover the substance of Defendant's response to *Miranda* warnings if such warnings were given.  *See United States v. McElroy*, 697 F.2d 459 (2d Cir. 1982).

October 25, 2019
**Page 3**

1. The existence of any witness known to the Government who is favorable to the defense together with any and all statements made or adopted by that witness (whether they be written, recorded or the substance of oral statements) within the custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the. Government.

2. Any statements made or adopted by any individual (including co—defendants) (whether they be written, recorded or the substance of oral statements) within the custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government, which exculpate or do not mention the Defendant.

3. Any and all evidence showing any bias, narcotic habit, psychiatric treatment, lack of competence, lack of impartiality, or criminal record, on the part of any witness the Government intends to call to testify at trial in the above referenced case.

4. The results of any lie detector tests given to the Defendant or witnesses the Government intends to call to testify at trial in the above referenced case.

5. Any promises, rewards and inducements (financial or otherwise) offered (including a list of payments) or any threats of criminal prosecution made to any witness the Government intends to call to testify at trial in the above referenced case.

6. Presentence investigation reports, if any, relating to any witness the Government intends to call to testify at trial in the above—referenced case.

7. Any and all evidence about which the Government is now aware, or about which the Government may become aware by the exercise of due diligence that might indicate, however remotely, that another individual committed the offense(s) for which the Defendant now stands accused. This includes all evidence which the Government believes indicates that another individual committed the offense(s) in connection with the Defendant.

8. Names and addresses of eyewitnesses to the offense(s) for which the Defendant now stands accused whose identity is now known, or by the exercise of due diligence may become known to the Government.

9. Information regarding any indecisive, incomplete or hesitant identification of the Defendant by any witness to the offense(s) for which the

Defendant now stands accused (regardless of whether the Government intends to call that witness to testify at trial).

10. Any and all information that tends to detract from the credibility or probative value of the testimony and/or evidence that the Government anticipates it will present at trial or sentencing in the above referenced case.

11. Any and all differences between information provided to the government by a cooperating witness and information provided to the government in a proffer made by that witness's attorney. *See Spicer v. Roxbury Correctional Institute*, No. 99-6119 (4th Cir. 1999).

G. Copies of any statements made or adopted by any alleged co—conspirator, co—defendant or agent of the Defendant regardless of whether the Government intends to introduce these statements at trial. *See United States v. Turoff*, 701 F. Supp. 981 (E.D.N.Y. 1988).

H. The identify of any informant connected to the above referenced case who was a percipient witness to or participated in the alleged defense. *See Roviaro v. United States*, 353 U.S. 53 (1957).  The Defendant also requests information regarding the present address of said informant; any prior criminal record of said informant; any bias, narcotic habit, psychiatric treatment, lack of competence, lack of credibility, lack of impartiality, or criminal record on the part of said informant; and any promises, rewards and inducements (financial or otherwise) offered or any threats of criminal prosecution made to said informant.

I. Any statements made or adopted by witnesses which the Government intends to call to testify at any hearing (including a sentencing hearing) connected with the above referenced case, or notes made by said witnesses within the possession, custody, or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the Government. *See* 18 U.S.C. Sec. 3500; Fed. R. Crim. Proc. 26.2.  This includes any statements made by a government witness while he or she was incarcerated in the course of telephone conversations with government agents or others that were tape recorded by the institution in which the witness was incarcerated.  *See United States v. Ramirez*, 174 F.3d 584 (5th Cir. 1999).

J. The general nature of any and all evidence the Government intends to introduce at trial pursuant to Fed. R. Evid. 404(b).  *See* Fed. R. Evid. 404(b).  The Defendant further requests a statement of the Government's theory of admissibility with respect to all such evidence.

October 25, 2019
**Page 5**

K. Facts and circumstances of the offense and offense characteristics that are relevant to the application of the Sentencing Guidelines. *See* U.S.S.G. / 6B1.2, Commentary.

Defendant hereby requests that the Government comply with the above Requests or inform Defendant of the Government's intent not to comply on or before November 1, 2019 so that Defendant will be able to effectively prepare his defense.

Please note that the Defendant specifically requests all items he is entitled to review as provided by the United States Constitution, the laws of the United States, the Federal Rules of Criminal Procedure, the Federal Rules of Evidence, the United States Sentencing Guidelines and/or existing case law. If those sources require production of items not specifically requested herein, a request for these items is now specifically made. Furthermore, this request is a continuing request; if the Government discovers additional evidence or material responsive to any of the above Requests subsequent to the Government's initial production, the Government shall promptly and without delay provide the Defendant with the additional evidence or material. *See* Fed. R. Crim. Proc. 16(c).

In the event that the Government fails to produce all, or any part, of the evidence or materials herein requested, the Defendant reserves the right to oppose the introduction of such evidence or materials at any hearing in the above referenced case and/or move for dismissal of the indictment against the Defendant. *See* Fed. R. Crim. Proc. 16(d)(2).

Your anticipated cooperation is appreciated.

Very truly yours,

Bilal A. Essayli