NICOLA T. HANNA
United States Attorney
PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division
ANNAMARTINE SALICK (Cal. Bar No. 309254)
Deputy Chief, Terrorism and Export Crimes Section
VALERIE L. MAKAREWICZ (Cal. Bar. No. 229637)
Major Frauds Section
Assistant United States Attorneys
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone:  (213) 894-3424/0756
     Facsimile:  (213) 894-2927
     E-mail:     Annamartine.Salick2@usdoj.gov
                 Valerie.Makarewicz@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 19-117-JAK |
|---|---|
| Plaintiff, | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION FOR FISA MATERIAL |
| v. | |
| ABDALLAH OSSEILY, | Hearing Date: January 28, 2019 |
| Defendant. | Hearing Time: 1:30 p.m. |
| | Location:     Courtroom of the Hon. Kronstadt |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and Assistant United States Attorneys Annamartine Salick and Valerie Makarewicz, hereby files its Response to Defendant's Motion to Disclose FISA-Related Material.

//

///

This Response is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: December 19, 2019         Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division


      /s/
ANNAMARTINE SALICK
VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

In this fraud prosecution, defendant has moved for disclosure of materials he believes were obtained pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. § 1801, et seq. ("FISA"). (Defendant's Motion for Disclosure ("motion" or "Def's Mot.," Dkt. 33.) Defendant purports to need this information for litigation, "including the filing of a suppression motion." (Def's Mot. at 2.) In response, the government has reviewed the evidence supporting the indictment in this case and the body of material that will form the government's proof at trial and has determined that none of that evidence or proof was collected via orders issued under FISA and that none of that evidence or proof is derived from any such orders.

A defendant may only seek to disclose or suppress FISA information upon the government's notice that it intends to use information obtained or derived from FISA against an aggrieved person in a criminal case. Here, the government has not provided defendant notice of any intent to use FISA information against defendant and, having determined that no FISA-obtained or derived material will be used against defendant, will not be giving such notice. Defendant therefore lacks standing to seek disclosure or suppression of any FISA materials as none have been or will he used as evidence against him in this case. As a result, defendant cannot meet his burden to show a lawful basis for disclosure of any FISA material. Nor can he show that there is any FISA material to suppress. Defendant's motion should be denied.

**II.    STATEMENT OF FACTS**

Defendant is charged in a four-count indictment with violations of 18 U.S.C. § 1344(1) (Bank Fraud and Attempted Bank Fraud); 18 U.S.C. § 1425(a) (Attempted Unlawful Procurement of Naturalization); and 18 U.S.C. § 1015(a) (False Statement in Immigration Proceedings). On November 8, 2019, he filed his motion for disclosure of "FISA materials" on four grounds:  (1) FISA's statutory framework; (2) to determine whether there is a basis for a Franks hearing; (3) because defendant's Fourth and Fifth Amendment rights entitle him to disclosure; and (4) Federal Rules of Criminal Procedure 16(a)(1)B). (Def's Mot. at 2-10).  None of these grounds has merit here.

**III. APPLICABLE LEGAL STANDARDS**

   **A.    A Party May Seek to Suppress or Disclose FISA Information *Only When* the Government Provides Notice that FISA Information Will be Used Against the Defendant**

The government must provide notice to an individual when the government "intends to enter into evidence or otherwise use or disclose" any "information obtained or derived from" electronic surveillance or physical search conducted pursuant to FISA against an aggrieved person in a criminal case as well as in other proceedings. 50 U.S.C. §§ 1806(c), 1825(d), and 1881(e).  Specifically, the government's notice obligations only apply if the government: (1) "intends to enter into evidence or otherwise use or disclose" (2) "against an aggrieved person" (3) in a "trial, hearing or other proceeding in or before any court, department, officer, agency, regulatory body, or other authority of the United States" (4) any "information obtained or derived from" (5) an "electronic surveillance [or physical search] of that aggrieved person." 50 U.S.C. §§ 1806(c), 1825(d), and 1881e(a).

2

The government's notice obligations are only triggered when each of the five criteria specified in 50 U.S.C. §§ 1806(c) and 1825(d) are present. The statute's plain language makes clear that no notice to a criminal defendant is required even where the government has acquired information obtained or derived from FISA surveillance but does not intend to "enter into evidence or otherwise use or disclose" such information in the prosecution. 50 U.S.C. §§ 1806(c), 1825(d), and 1881e(a). Likewise, even if the government intends to use or disclose information obtained or derived from FISA surveillance in a criminal case, notice is not required if the defendant is not an "aggrieved person" under the statute.

### B. Suppression Litigation is Reviewed <u>Ex Parte</u> and <u>In Camera</u> and Disclosure is the Exception

Unlike here, in cases where FISA information will be used against a criminal defendant (thus rendering him an aggrieved person), once FISA notice is provided, the defendant may then move to suppress FISA-acquired or derived evidence on two grounds: (1) that "the information was unlawfully acquired"; and/or (2) that the surveillance was "not made in conformity with an order of authorization or approval." 50 U.S.C. §§ 1806(e), 1825(f). FISA instructs district courts to inspect the government's response to such a motion <u>ex parte</u> and <u>in camera</u> in order determine whether the FISA information was lawfully acquired and whether the surveillance was made in conformity the order. 50 U.S.C. §§ 1806(f), 1825(g) ("the district court *shall*, notwithstanding any other law . . . review <u>in camera</u> and <u>ex parte</u> [the materials]").

In cases involving the use of FISA material in a legal proceeding such as a criminal trial, FISA's statutory language is

unequivocal that disclosure of the material submitted to the Foreign Intelligence Surveillance Court when applying for the order authorizing FISA surveillance is the exception, not the rule. <u>Id.</u> ("the court may disclose to the aggrieved person, under appropriate security procedures and protective orders, portions of the application, order, or other materials . . . *only where* such disclosure is *necessary* to make an accurate determination of the legality . . ." of the FISA surveillance or search) (emphasis added).

Accordingly, courts have uniformly held that <u>ex parte</u> and <u>in camera</u> inspection is the "rule" under FISA, and that disclosure or an adversarial hearing are the "exception, occurring only when necessary." <u>United States v. Beltfield</u>, 692 F.2d 141, 147 (D.C. Cir. 1982); <u>see also</u> <u>United States v. Hamide</u>, 914 F.2d 1147, 1152 (9th Cir. 1990) ("Because of the national security interests involved, the statute provides for in camera and ex parte review of the FISA documents"). Indeed, every court but one has found disclosure to be unnecessary and the only district court to order disclosure was overturned swiftly upon appeal. <u>See</u> <u>United States v. Daoud</u>, 2014 WL 321384, at *3 (N.D. Ill. January 29, 2014), <u>rev'd</u>, 755 F.3d 479, 481-85 (7th Cir. 2014). Courts have agreed that the <u>ex parte</u> and <u>in camera</u> review contemplated by FISA does not violate a defendant's due process rights. <u>See, e.g.,</u> <u>United States v. Ott</u>, 827 F.2d 473, 477 (9th Cir. 1987); <u>see also,</u> <u>United States v. Abu-Jihaad</u>, 630 F.3d 102, 117 (2d Cir. 2010); <u>United States v. El-Mazain</u>, 664 F.3d 467, 567 (5th Cir. 2011); <u>United States v. Damrah</u>, 412 F.3d 618, 624 (6th Cir. 2005).

4

## IV. ARGUMENT

### A. FISA's Procedures are Unavailable Because No FISA Information Has Been or Will Be Introduced Against Defendant

Here, defendant does not qualify as a "person against whom evidence obtained or derived from [FISA] is to be, or has been, introduced or otherwise used or disclosed in any trial, hearing, or other proceeding." See 50 U.S.C. §§ 1806(e)(f), 1825(f)-(g). Thus, by FISA's plain language, defendant is not entitled to invoke FISA's procedures to seek disclosure of any FISA material. Id. Nor may he invoke FISA's procedures to move to suppress such material. Id. Even if he could, there is nothing to suppress under FISA. Lastly, and for the same reasons, FISA's notice requirements do not apply.

### B. Disclosure is not Warranted under Franks

Defendant is not entitled to conduct a fishing expedition simply because he presumes he was the subject of FISA surveillance. In cases where the government is not introducing information obtained or derived from FISA, defendant has no basis to challenge, and the court has no cause to review, any application for a FISA order. Thus, there is no basis for a Franks hearing pertaining to any such application.

In a case where evidence obtained by a search warrant will be offered as proof of guilt at trial, a defendant may seek to suppress that evidence upon a showing that the warrant was not lawfully issued. A defendant may challenge the statements set forth in an affidavit submitted to obtain the warrant if the affiant made a material falsehood or misrepresentation in the warrant application. To merit an evidentiary hearing on that issue, also known as a

5

1  "Franks hearing," a defendant must first make a "concrete and
2  substantial preliminary showing" that an affiant deliberately or
3  recklessly included false statements, or failed to include material
4  information, in the affidavit, and that the resulting
5  misrepresentation was essential to the finding of probable cause.
6  Franks v. Delaware, 438 U.S. 154, 171 (1978); United States v.
7  Craighead, 539 F.3d 1073, 1080 (9th Cir. 2008).
8      But, again, a challenge to a search warrant is only proper if
9  evidence to be used against defendant was obtained from that warrant.
10 Then, and only then, is Franks litigation appropriate.  Here, there
11 is no lawful basis upon which defendant may seek or the court may
12 order a Franks hearing pertaining to any FISA application.  Although
13 FISA sets forth in camera and ex parte procedures to address FISA
14 suppression issues, 50 U.S.C. §§ 1806(f), 1825(g), those procedures
15 are inapposite where defendant cannot meet his burden to show that he
16 is entitled to move for disclosure or that there is any FISA-obtained
17 or derived material to suppress.

18     **C.   Defendant has No Constitutional Claim to Any FISA Materials**
19     Defendant argues that the Constitution entitles him to
20 disclosure of FISA materials here because "[d]ue process requires . .
21 . a meaningful opportunity to suppress the fruits of illegally
22 acquired evidence."[1]  (Def's Mot. at 9)  This argument essentially
23 adds a constitutional gloss to the same basic premise underlying

---

[1] Defendant also argues that "[d]ue process requires broad disclosure under FISA."  (Def's Mot. at 10.)  That argument is internally incongruous as FISA specifically defines the materials that may be disclosed and sets forth specific conditions that must be met to permit a court to authorize disclosure, none of which apply here.  In any event, defendant cites no authority for his argument and the government could find none.

6

defendant's motion, namely that he seeks information in order to pursue a motion to suppress. That basic premise fails for all the reasons noted above and defendant's constitutional argument fails for the same reasons. The remedy of suppression for violations Fourth and Fifth Amendment rights only arises when the government seeks to introduce evidence obtained in contradiction of those rights. If the government possesses voluminous evidence of guilt but elects not to use some of that evidence against a defendant, there is no constitutional or other basis to seek disclosure let alone suppression of that evidence.

> **D. Defendant is not Entitled to Disclosure of FISA Information Under Rule 16**

The government has complied and will continue to comply with its discovery obligations, including those set forth in Federal Rule of Criminal Procedure 16. Nothing in that rule warrants disclosure of the materials defendant requests and his reliance on <u>United States v. Soto-Zuniga</u>, 837 F.3d 992 (9th Cir. 2016), does not change that fact. The defendant there was stopped at a checkpoint, where Border Patrol agents discovered nearly 3 kilograms of methamphetamine in his car, which the government sought to use against him in a prosecution for narcotics trafficking. 837 F.3d at 994. Soto-Zuniga asserted that teenagers whom Soto-Zuniga had transported in his car at the request of a known drug trafficker must have "planted" the drugs in his car. <u>Id.</u> at 995. To challenge the legality of the checkpoint as a means for suppressing the methamphetamine found in his car, and to obtain evidence that could help identify the teenagers, Soto-Zuniga moved for disclosure of information relevant to the checkpoint's

7

constitutionality and for information about the drug trafficker's operations. Id.

The Ninth Circuit held that the district court erred in denying the motions, as the checkpoint evidence would have facilitated a proper assessment of the checkpoint's constitutionality (and thus the lawfulness of the stop leading to the discovery of the methamphetamine) and the district court relied on the wrong standard when denying the motion for records of the drug trafficker's operation based on its finding that the records "were not material to the defense and were not discoverable because they were not admissible." Id. at 998, 1002, 1003.

Defendant cites the portion of Soto-Zuniga pertaining to the checkpoint evidence. (See Def's Mot. at 10 (citing pp. "1000-01" of the opinion.)) As such, like defendant's constitutional argument, his Rule 16 argument appears to be yet another gloss on his basic premise, namely that he seeks information to support a suppression motion. And again, his argument fails for the reasons detailed above. Whereas the methamphetamine in Soto-Zuniga was obtained via a checkpoint that the defendant sought to challenge, the evidence of defendant's crimes here was not obtained or derived from FISA.

To the extent that defendant filed the instant motion as a reaction to the government's Notice of Intent to Invoke the Classified Information Procedures Act ("CIPA") ("Notice," Dkt. 32), defendant's motion is misplaced. Moreover, as detailed in the Notice, and as the Court is aware, CIPA sets forth procedures for handling classified information, including proceedings under CIPA § 4. The Notice makes clear that the government does not anticipate a need to disclose classified information in this case. (Notice at

2.)  That remains the case.  Nonetheless, the government has signaled that it anticipates raising issues pertaining to classified information in the form of a CIPA § 4 motion, which the Court has ordered filed by January 3, 2020.

**V.   CONCLUSION**

For the foregoing reasons, defendant's motion should be denied.

Dated: December 19, 2019           Respectfully submitted,

NICOLA T. HANNA
United States Attorney

PATRICK R. FITZGERALD
Assistant United States Attorney
Chief, National Security Division

         /s/
ANNAMARTINE SALICK
VALERIE L. MAKAREWICZ
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

9