BILAL A. ESSAYLI (Sate Bar No. 273441)
D. ANDREW BROWN (State Bar No. 273430)
ESSAYLI & BROWN LLP
100 Bayview Circle, Suite 100
Newport Beach, California 92660
Telephone: 949.508.2980
Facsimile: 949.508.2981

Attorneys for Defendant
ABDALLAH OSSEILY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>vs.<br><br>ABDALLAH OSSEILY<br><br>Defendant. | Case No. 19-CR-00117-JAK<br><br>**SUPPLEMENTAL BRIEF REGARDING THE INSPECTOR GENERAL'S INTERIM REPORT AND IN SUPPORT OF DEFENDANT'S FISA MOTION UNDER 18 U.S.C. §1806** |

**I.     INTRODUCTION**

On January 30, 2020, the Court held a hearing on defendant Abdallah Osseily's Motion to Disclose FISA Related Materials ("FISA Motion"). Defendant moved for disclosure of FISA materials (which encompasses the FISA application, order, and other materials relating to electronic surveillance) under 50 U.S.C. § 1806(f) as an aggrieved person. (*See* Dkt. 33, Pg. 5). Under § 1806(f), Congress directs the Court to review a FISA application and to make an independent determination of its lawfulness, which may include disclosing all or portions of the application to the defense. The below supplemental information was recently released by the Department of Justice Inspector General and further supports defendant's argument that any FISA application submitted against defendant must be strictly scrutinized and subjected to the adversarial process.

## II. THE INSPECTOR GENERAL'S INTERIM REPORT REGARDING THE FBI'S COMPLIANCE WITH FISA APPLICATION PROCEDURES

On March 31, 2020, Department of Justice Inspector General Michael Horowitz issued an interim report (the "IG Interim Report") on his audit of the Federal Bureau of Investigation's ("FBI") compliance with procedures to protect Americans' civil rights in Foreign Intelligence Surveillance Act cases. (*See* Exhibit A). The report focused solely on the FBI's compliance with the "Woods Procedures," which were implemented in 2001 following errors in numerous FISA applications submitted to the Foreign Intelligence Surveillance Court ("FISC") in FBI counterterrorism investigations. (IG Interim Report at 3 and 4). Those procedures sought to minimize factual inaccuracies in FISA applications and to ensure that statements contained in applications are "scrupulously accurate." (*Id.*)

As part of the procedures, the FBI requires a case agent requesting a FISA application to create a "Woods File" that includes: "(1) supporting documentation for every factual assertion contained in a FISA application, and (2) supporting documentation and the results of required database searches and other verifications." (*Id.*) Prior to seeking a FISA surveillance order, both the case agent and a supervisory special agent are required to verify that the Woods File contains "supporting documentation for every factual assertion within the FISA application." (*Id.*)

## III. THE FBI FAILED TO COMPLY WITH THE WOODS PROCEDURES IN EACH AND EVERY APPLICATION REVIEWED BY THE INSPECTOR GENERAL

In auditing the FBI's compliance with the Woods Procedures, the IG Interim Report focused on FISA surveillance orders issued from October 2014 to September 2019. As part of the audit, the Inspector General's team visited eight FBI field offices and selected, from more than 700 applications, "a sample of 29 applications relating to U.S. Persons and involving both counterintelligence and counterterrorism investigations." (IG Interim Report at 2). The results of the review surprised even the auditors, who discovered that 100% if the applications failed to comply with the Woods Procedures. The IG Interim Report contains the following relevant findings:

- Although all 29 FISA applications that we selected for review were required by FBI policy to have Woods Files created by the case agent and reviewed by the supervisory special agent, we have identified 4 applications for which, as of the date of this memorandum, the FBI either has been unable to locate the Woods File that was prepared at the time of the application or for which FBI personnel suggested a Woods File was not completed. (IG Interim Report at 7).

- Additionally, for all 25 FISA applications with Woods Files that we have reviewed to date, we identified facts stated in the FISA application that were: (a) not supported by any documentation in the Woods File, (b) not clearly corroborated by the supporting documentation in the Woods File, or (c) inconsistent with the supporting documentation in the Woods File. (IG Interim Report at 7).

- At this time we have identified an average of about 20 issues per application reviewed, with a high of approximately 65 issues in one application and less than 5 issues in another application. (IG Interim Report at 7).

- Moreover, although there are specific requirements related to FISA applications that utilize Confidential Human Sources ("CHS") reporting, we have observed that these requirements are not being consistently followed. (IG Interim Report at 7).

- As a result, we do not have confidence that the FBI has executed its Woods Procedures in compliance with FBI policy, or that the process is working as it was intended to help achieve the "scrupulously accurate" standard for FISA applications. (IG Interim Report at 8).

Although the report includes the caveat that a determination has yet to be made as to the materiality of these errors, the startling reality stands that the FBI failed to follow the critical procedures required to ensure the accuracy of FISA applications is each and every sample reviewed by the Inspector General.

/ / /

/ / /

/ / /

## IV. CONCLUSION

As a result of the findings in the IG Interim Report, the likelihood that the FBI also failed to comply with the Woods Procedures in defendant's application is significantly high. These findings further support defendant's FISA Motion to have the Court review the accuracy of defendant's FISA application for its lawfulness, and to utilize the adversarial process by permitting defendant to review and challenge the accuracy of the facts alleged in the application. Defendant respectfully requests that the Court take into account this supplemental information when ruling on the FISA motion.

DATED:  April 6, 2020                    Essayli & Brown LLP

                                         By:   /s/ Bilal A. Essayli
                                               BILAL A. ESSAYLI
                                               D. ANDREW BROWN

                                               Attorneys for Defendant
                                               ABDALLAH OSSEILY