UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

**REDACTED**

| Case No. | SA CR19-00117 JAK | Date | July 8, 2020 |
|---|---|---|---|

| Present: The Honorable | John A. Kronstadt, United States District Judge |
|---|---|
| Interpreter | N/A |

| Cheryl Wynn | Not Reported | Not Present: Annamartine Salick; Valerie L. Makarewicz |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* |

| U.S.A. v. Defendant(s): | Present | Cust. | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| Abdallah Osseily | Not | | X | Bilal Essayli; David A. Brown | Not | | X |

| Proceedings: | **(IN CHAMBERS) ORDER RE GOVERNMENT'S EX PARTE APPLICATION FOR ORDER SEALING DOCUMENTS** |
|---|---|

**I.     Introduction**

On April 14, 2020, an order was entered that granted the Government's Request to Provide Defendant Unclassified Portions of its Classified Information Procedures Act Filings. Dkt. 121 (the "Disclosure Order"). The Disclosure Order directed the Government to "provide Defendant the unclassified portions of the briefing by Friday, April 17, 2020." *Id.* (the "Unclassified Portions"). After receipt, Defendant shared the Unclassified Portions with the American Civil Liberties Union and the American Civil Liberties Union of Southern California (collectively, the "ACLU"). *See* Dkt. 132 at 2; Dkt. 140 at 1. The ACLU then shared the Unclassified Portions with "several attorneys addressing similar issues in other cases." Dkt. 132 at 2.

On April 23, 2020, a telephonic status conference was conducted (the "Status Conference"). Dkt. 126. Defendant's counsel confirmed that he had received the Unclassified Portions. *Id.* at 1. The Court asked whether the Government or Defendant would object to filing the Unclassified Portions "on the public docket." *Id.* Neither the Government nor Defendant objected. *Id.* ("Without objection from the Government or Defendant, the Government is directed to file a copy of these unclassified portions of its CIPA briefing on the public docket.").

On April 29, 2020, the Government manually filed an under seal ex parte application to seal documents (the "Application"). Dkt. 128. On May 5, 2020, Defendant manually filed an opposition to the Government Application (the "Opposition"). Dkt. 131. On May 8, 2020, the Government manually filed a reply in support of the Government Application (the "First Reply"). Dkt. 134. On May 8, 2020, Defendant manually filed an objection to the Government's reply in support of the Government Application (the "Defendant Objection"). Dkt. 135. The Government has acknowledged publicly that the Government Application seeks to seal the Unclassified Portions and make them subject to the protective order. See Dkt. 136 at 3, 12.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

On May 21, 2020, the application of the ACLU to access the Application was denied. Dkt. 140 at 2 (the "ACLU Order"). That order provided the ACLU with an opportunity to object to the Application through a public filing and an under seal filing, which would avoid a disclosure of the Unclassified Portions on the public docket. *See id.* at 7. The ACLU order also limited the use of the Unclassified Portions by the ACLU. *Id.*

On May 27, 2020, the ACLU filed its objection (the "ACLU Objection"). Dkt. 142 (redacted); Dkt. 144 (sealed). On June 3, 2020, the Government filed a response to the ACLU Objection (the "Second Reply"). Dkt. 145.

For the reasons stated in this Order, the Application is **DENIED-IN-PART** and **GRANTED-IN-PART**.

**II.** **Factual Background**

    A.    CIPA Motion and Initial Disclosure

The Government has filed a Motion Pursuant to Section 4 of the Classified Information Procedures Act ("CIPA") and Fed. R. Crim. P. 16(d)(1) (the "CIPA Motion" (Dkts. 61, 94)) and an In Camera, Ex Parte and Classified Supplemental Brief Pursuant to Section 4 of CIPA and Fed. R. Crim. P.16(d)(1) (the "CIPA Supplement" (Dkts. 118, 119)). On April 14, 2020, the Court granted the Government's request to provide Defendant with the unclassified portions of the Government's CIPA Motion and CIPA Supplement (the "Unclassified Portions") that set forth certain legal arguments and standards without disclosing the associated evidence that the Government had presented in camera. Dkt. 121. As stated in the ACLU Order, the "purpose in doing so was to permit Defendant to file a brief stating his position as to these legal issues, which the Court could consider in its review of the CIPA Motion." Dkt. 140 at 1.

The Disclosure Order made no findings as to whether this anticipated disclosure of the Unclassified Portions by the Government would be subject to the Protective Order (Dkt. 26). Dkt. 121. The Disclosure Order directed Defendant to file any response to the Unclassified Portions on or before May 4, 2020. *Id.* The Disclosure Order did not state that the response was to be filed under seal. *See id.* In connection with the Disclosure Order, the Government did not object to disclosure of the Unclassified Portions to Defendant and did not seek to have any conditions imposed as a result of the disclosure.

    B.    Status Conference

At the Status Conference, the Government confirmed disclosure of the Unclassified Portions to Defendant. The Court then inquired whether the Unclassified Portions had been filed on the docket and, if not, whether there was any reason not to do so. In response, the Government stated that it would file the Unclassified Portions on the public docket. Defendant stated that there was no objection to such a filing. *See* Dkt. 126.

    C.    Under Seal Evidence

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**



**III.     Analysis**

    A.     Defendant's Objection to Government's Reply

Defendant objected to the First Reply filed by the Government on the ground that it was filed without prior approval by the Court, and that the First Reply and Application both exceeded the page limits stated in the Standing Order. The Application is 14 pages, which exceeded the ten-page limited provided by the Standing Order. Defendant also notes that the Government filed an 11-page reply, which exceeded the five-page limit provided by the Standing Order.

The Application and First Reply violate the Standing Order. The Government did not seek leave to file overlength briefs, which is the normal process. However, in the interest of party and judicial efficiency, the request to strike the First Reply due to its length is **DENIED**. In all future proceedings in this matter, the parties shall comply with the Standing Order, including by seeking leave to exceed page limitations. Defendant's Objection was manually filed under seal. However, there is no substantive content in that filing that warrants having it remain under seal. Therefore, the Objection will be unsealed on the docket.

    B.     Application to Seal

Under the common law, although a "strong presumption in favor of access" exists for judicial records, "[a] narrow range of documents is not subject to the right of public access at all because the records have 'traditionally been kept secret for important policy reasons.'" *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir. 1989)). If a document is not within this "narrow range," a party seeking to seal a judicial record must meet the "compelling reasons" standard. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096, 1101 (9th Cir. 2016).

Certain categories of documents in criminal actions "traditionally ha[ve] been kept confidential." *Times Mirror*, 873 F.2d at 1219 (pre-indictment warrant materials of ongoing investigation); *U.S. Indus., Inc. v. U.S. Dist.*

*Court*, 345 F.2d 18 (9th Cir. 1965) (grand jury transcript); *United States v. Schlette*, 842 F.2d 1574, 1583-84 (9th Cir. 1988) (presentence reports); *United States v. Sleugh*, 896 F.3d 1007, 1015 (9th Cir. 2018) (subpoena applications and supporting materials under Fed. R. Crim. P. 17(c)). However, even where documents are ones that have traditionally been deemed confidential, this does not foreclose a showing by an interested party that they should be disclosed. *Times Mirror* held that under the "important public need or 'ends of justice' standard," a party seeking access to a traditionally confidential document may seek to make a showing that "disclosure would serve the ends of justice." 873 F.2d at 1219. This standard was based on *U.S. Industries* and *Schlette*. *See id.* at 1219 n.13. *Seattle Times v. U.S. District Court*, 845 F.2d 1513 (9th Cir. 1988), reached a similar determination. *Seattle Times* approved disclosure if a party can show that "'disclosure will serve the ends of justice' and there is no valid countervailing consideration that supports nondisclosure." 845 F.2d at 1516.

The Unclassified Portions are part of CIPA Section 4 briefing. That process has traditionally been a confidential, non-public one. Some district courts have ordered disclosure of redacted versions of CIPA Section 4 briefing. *See, e.g., United States v. Hanjuan Jin*, 791 F. Supp. 2d 612, 615 n.1 (N.D. Ill. 2011) (ordering redacted version filed); *id.*, No. 1:08-cr-00192 (N.D. Ill. July 13, 2011), ECF No. 139 (redacted CIPA Section 4 motion); *United States v. Turner*, No. 13 CR 572-2, 2014 WL 3905873, at *1 (N.D. Ill. July 29, 2014) (ordering redacted version filed); *id.* (N.D. Ill. June 24, 2014), ECF No. 114 (redacted CIPA Section 4 motion). There appear to be few occasions when the government voluntarily has provided access to certain portions or summaries of CIPA Section 4 briefing. *See, e.g., United States v. Shih*, No. 2:18-cr-00050-JAK (C.D. Cal. July 25, 2018), ECF No. 133 (summary of CIPA Section 4 legal standards); *United States v. Babar Ahmad*, No. 3:04-cr-00301 JCH (D. Conn. Jan. 4, 2013), ECF Nos. 52, 53, 66.

The facts presented in this action provide a sufficient basis to find that the traditionally confidential nature of the Unclassified Portions does not preclude their disclosure. The Government voluntarily disclosed them to Defendant, and agreed that they could be placed on the public docket. *See* Dkt. 121 (Order Granting Government's Request to Provide Defendant Unclassified Portions of its Classified Information Procedures Act Filings); Dkt. 126 (Status Conference). The Unclassified Portions were disclosed to Defendant without any restrictions, and were not disclosed subject to the application of the Protective Order. As a result, certain non-parties have copies of the Unclassified Portions, which were not subject to the Protective Order at the time they were first disclosed by the Government. Further, for the reasons stated below, they are not presently subject to the Protective Order. Nor are the Unclassified Portions in camera documents. That Defendant elected to share the Unclassified Portions with ACLU was neither barred nor unforeseeable to the Government when it occurred. The ACLU had previously filed an amicus brief on FISA issues in this action.

Providing public access to the Unclassified Portions also serves the public interest and ends of justice in connection with the CIPA Section 4 process. Thus, the Government elected to disclose its interpretation of the legal standards that apply to certain in camera proceedings under Section 4 of CIPA. This allowed the public to consider and assess that position. It also allowed non-parties to seek provide amicus briefing on those standards. It is also significant that the disclosure did not include any factual matters that underlie the proceedings.

The same or similar interests are common to other CIPA Section 4 proceedings. However, when the Government has opposed any disclosure, it has been successful, notwithstanding the potential for showing the same countervailing policy considerations discussed above. The present case is different in that the Government the Government has voluntarily disclosed certain unclassified portions of in camera CIPA Section 4 briefing. Only after the disclosure did the Government seek to recall the portion of the briefing that had been disclosed and have it sealed. That the Government voluntarily disclosed the Unclassified Portions to Defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

supports the inference they their disclosure on the docket would not cause harm. That is also supported by the Government's initial and ongoing willingness to share them with the Defendant and his counsel in this action.

The Unclassified Portions consist of the following: (i) the CIPA Section 4 Motion and (ii) the Supplemental CIPA Brief. Both documents contain, *inter alia*, a discussion of legal standards related to the exclusionary rule and derivative evidence, FISA and selective prosecution. The Government maintains that, because the Unclassified Portions reference FISA, the Unclassified Portions "may lead the public to conclude that defendant was the target of FISA surveillance and that whether or not such targeting occurred is classified." The Government also argues that, because the Unclassified Portions refer to the "fruit of the poisonous tree" concept," disclosure "will support the unfounded conclusion that the government concedes that it engaged in unlawful activity and that the unlawful activity was the impetus for the present case." The Government asserts that it "cannot rebut this conclusion in a public setting." The Government also argues that the public statements by Defendant's counsel have been misleading as to the protective order and that Defendant "will exploit the government's good-faith accommodation to attack the government and use this case as a vehicle for a public referendum on the government's conduct in national security cases generally."

The Government's arguments are unpersuasive. The relevant sections are all marked unclassified. The Unclassified Portions are no longer in camera documents because of disclosure to Defendant. The Government may not have expected that the Defendant would share the Unclassified Portions with the ACLU. However, even if that view had been well-founded,[1] it does not change the fact that the Government did not seek to have the Unclassified Portions made subject to the Protective Order when they were first disclosed. Although the Unclassified Portions address particular legal issues, they are not sufficient to be, in effect, a disclosure of classified or sensitive information. Finally, the concern that Defendant will use the information "to attack the government and use this case as a vehicle for a public referendum on the government's conduct in national security cases generally," is not a persuasive basis to preclude its disclosure going forward. The Government has the capacity to respond to what it deems unwarranted criticism. Having adopted policies that affect citizens, the Government is in a position to defend and justify them.

Based on a review of the Unclassified Portions and relevant briefing, public access to the Unclassified Portions serves the ends of justice. This is sufficient to outweigh the policy considerations against disclosure. This conclusion is narrow and limited to the facts of this case in which the Government elected to disclose the information and made no initial objection to its being placed on the public docket. It is not a general determination that there is always a right of public access to certain portions of CIPA Section 4 briefing. Each case must be assessed based on its unique factual circumstances. Therefore, the Application is **DENIED-IN-PART** as to the Application, the memorandum in support of the Application and the Unclassified Portions. Consequently, it is unnecessary to address the First Amendment and Sixth Amendment issues raised by the ACLU and Defendant.

      C.    Protective Order

A Protective Order has issued in this action. Dkt. 26. The Protective Order provides that certain discovery may contain "declassified, but law-enforcement sensitive information." *Id.* at 1. "For purposes of the Protective Order, the term 'Protected Information' refers to any file, document or information containing declassified but

---

[1] Given that the Government was aware of the public statements by Defendant's Counsel in a December 19, 2019, *Daily Journal* article as to the Protective Order in this case (Application at n.1 (citing Daily Journal article) and the ACLU's filing an amicus brief in January 2020, it would have been reasonably foreseeable to the Government that Defendant's Counsel would provide to the ACLU documents that he reasonably believed to be ones that were public and that could be shared without restrictions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

law enforcement sensitive information the government produces to the defense pursuant to the Protective Order." *Id.* at 2. The Protective Order imposes restrictions on the use, review and retention of such information provided to Defendant's Counsel. *Id.* at 3-5. Among other restrictions, the Protective Order requires that the defense team "shall not permit anyone other than the defense team to have possession" of protected information. *Id.* at 3.

The Unclassified Portions were shared with Defendant's Counsel without any of the restrictions imposed by the Protective Order. Before the Government raised any objection to the public disclosure of the Unclassified Portions, Defendant's Counsel shared the Unclassified Portions with the ACLU. Therefore, the ACLU obtained the Unclassified Portions when there were no restrictions under the Protective Order.

The Protective Order includes the parties' agreement that Defendant can object to the designation of information as law-enforcement sensitive. Dkt. 26 at 3. Here, based on the current circumstances of voluntary disclosure and subsequent reconsideration by the Government as well as a review of the Unclassified Portions, an insufficient showing has been made to designate the Unclassified Portions as "declassified but law enforcement sensitive information" that must be subject to the Protective Order. Therefore, the Application is **DENIED**. This determination is limited to the documents at issue. It is not a general determination that may apply to other documents to which the Government seeks to apply the Protective Order as law-enforcement sensitive information.

### IV.     Conclusion

For the reasons stated in this Order, the Application is **DENIED-IN-PART** as to the Application, the memorandum in support, and the Unclassified Portions. The Application is provisionally **GRANTED-IN-PART** as to the Salick Declaration (*see Copley Press*, 518 F.3d 1022, 1028 (9th Cir. 2008) (sealing declaration appended to motion to seal)).

The Government's manual filing (Dkt. 128) of the Application, memorandum in support, Salick Declaration and the Unclassified Portions will be docketed as separate items, and the Salick Declartion will remain under seal. The remaining manual filings will be docketed publicly. *See* Dkts. 131, 134, 135, 146, 147.

Because the determination has been made that the disclosure of the Unclassified Portions to Defendant was not an inadvertent disclosure permitting a retroactive sealing of the documents, and that an insufficient showing has been made to impose the Protective Order on the Unclassified Portions at this time, the portion of the ACLU Order (Dkt. 140 at 7) limiting the ACLU's use of the Unclassified Portions to the preparation of an objection to the Application is **VACATED**.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Deputy Clerk | cw |

cc: